UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| 6420 ROSWELL ROAD INC., | : | CHAPTER 7 |
|     Debtor. | : | |
| | : | CASE NO. 17-56753-PWB |
| _____ | :_____ |
| | : | |
| MARTHA A. MILLER, as Trustee in | : | |
| Bankruptcy for 6420 Roswell Road, Inc., | : | |
| | : | |
|     Plaintiff, | : | ADVERSARY |
| | : | PROCEEDING |
| v. | : | |
| | : | NO. _____ |
| MATTIE FREESE, | : | |
| | : | |
|     Defendant. | : | |

**COMPLAINT FOR TURNOVER**

Martha A. Miller, as chapter 7 trustee in the above-captioned case, ("Plaintiff" or "Trustee"), files this Complaint seeking turnover of the computers, QuickBooks data files, other electronic devices, logon credentials, including user names and passwords, for all devices and accounts to take possession and to access all financial books and records of 6420 Roswell Road, Inc. ("Debtor") (the "Assets") from Mattie Freese ("Defendant"), a former employee and the bookkeeper for Debtor. In support thereof, Plaintiff shows the Court as follows:

**JURISDICTION,VENUE AND CORE PROCEEDING**

1.  This adversary proceeding is commenced pursuant to Rules 7001 of the Federal Rules of Bankruptcy Procedure, and 11 U.S.C. §§ 105, 542, and 550.

2.  This adversary proceeding arises in the Chapter 7 bankruptcy case of *In re 6420 Roswell Road, Inc.*, Case No. 17-56753-PWB (the "Case"), pending in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").

1

3. This adversary case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This proceeding is a proper adversary proceeding under F.R.Bankr.P. 7001(1) as a "proceeding to recover money or property. . ."

## THE PARTIES

7. Debtor commenced this case under Chapter 11 of the United State Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code") on April 12, 2017. The Case was converted to Chapter 7 on by Order entered November 21, 2018 (Dkt. No. 90). Plaintiff became the Interim Trustee by appointment also on November 21, 2018 (Dkt. No. 91).

8. Defendant, Mattie Freese, is an individual residing in this District, who may be served at her residence: 4019 Longview Dr., Atlanta, Georgia 30341.

## FACTUAL BACKGROUND

9. On November 28, 2018, Trustee and the estate's accountant met at the Debtor's business office to review and take possession of the Debtor's relevant financial books and records, however maintained. Trustee had been told that there was at least one computer with all of Debtor's financial records including its QuickBooks data file.

10. While at Debtor's offices, Trustee was advised that Defendant had removed the Assets. There were two computers on site. One was inoperable, and the other contained no information. There were also scores of banker's boxes with documents which were either

2

irrelevant to Trustee's inquiry or were for one of several other businesses unrelated to Debtor, but with common ownership.

11. According to Debtor's counsel, Defendant had been very involved in the case assisting with financial records and reporting requirements throughout the pendency of the Chapter 11. Apparently, subsequent to conversion, all cooperation by Defendant stopped.

12. Trustee, the estate's accountant and Debtor's counsel have each attempted to reach Defendant multiple times to recover these items with no success. Messages regarding the turnover of these items were left with an adult believed to be Defendant's daughter.

## **COUNT I**

13. Plaintiff hereby incorporates the allegations in paragraphs 1 – 12 of this Complaint as if fully set forth herein.

14. Section 542(a) requires all entities, including a person, having possession of a debtor's property, that a trustee could use, sell or lease, to turnover that property to the trustee. 11 U.S.C. sec. 542(a).

15. The statute at 542 requires findings that (a) the property is in the possession of a noncustodial third party; (b) the property is property of the estate; (c) the property is such that the trustee may use it; and (d) that the property is not of inconsequential value or benefit to the estate. See, *Bailey v. Suhar (In re Bailey),* 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008).

16. All of the foregoing financial books, records and accounts, however maintained, are crucial to the estate. Among other things, the financial records will allow Trustee to evaluate whether avoidable claims exist which should be pursued.

17. Upon the filing of an appropriate motion, Trustee urges the Court to hold a hearing as soon as practical to order Defendant to turnover the Assets of Debtor in her possession to Trustee *instanter* along with her cooperation in accessing accounts, files and records.

## COUNT II

18. Plaintiff hereby incorporates the allegations in paragraphs 1 – 17 of this Complaint as if fully set forth herein.

19. Pursuant to § 105 of the Bankruptcy Code, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. sec. 105.

20. Among the most fundamental of a trustee's duties includes the control, possession and investigation into the debtor's financial history. Fed.R.Bankr.P. 2015. The absence of Debtor's financial books and records makes it impossible for Trustee to carry out her duties. Further, such absence renders it impossible to "carry out the provisions of this title." 11 U.S.c. sec. 105.

21. Accordingly, on pain of contempt, Trustee respectfully requests that the Court order Defendant to turn over all of Debtor's assets in her possession to Trustee, and to fully cooperate with Trustee, and her professionals, to allow access to Debtor's financial books and records.

WHEREFORE, Trustee prays that the Court enter judgment:

a) ordering Defendant, Mattie Freese, to turn over all assets in her possession or control belonging to Debtor, including without limitation, computers, financial books and records maintained or stored on any electronic device, or in hard copy, all user names and passwords for financial accounts, including those used with software systems like QuickBooks data files or a cloud-based account *instanter*;

4

b) ordering Defendant, Mattie Freese, to fully cooperate with Trustee or her professionals to access all financial books and records of Debtor by whatever means and information required, including without limitation all login credentials instanter; and

c) for such other and further relief as the Court deems just and proper.

This 13th day of December, 2018.

Respectfully submitted,

Martha Miller Law, LLC

 */s/ Martha A. Miller*
Martha A. Miller
Georgia Bar No. 507950
*Counsel for Plaintiff*

P.O. BOX 5630
Atlanta, Georgia 31107
(404) 941-7360
mmiller@mmillertrustee.com