UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                          :
                                                :   Case No. 17-56753-PWB
6420 Roswell Road, Inc.,                        :
                                                :
Debtor.                                         :   Chapter 7

### MOTION FOR APPROVAL OF COMPROMISE, SETTLEMENT AND RELEASE, AND, TO PAY SPECIAL COUNSEL COMPENSATION AND REIMBURSEMENT OF EXPENSES

Martha Miller, in her capacity as Chapter 7 Trustee ("**Trustee**" or "**Movant**"), files this Motion to settle, compromise and release various claims of the Estate, and to pay the reasonable and necessary fees and expenses incurred by Wiggins Law Group, LLC ("**Special Counsel**") for the successful prosecution of the potential claims, under 42 U.S.C. §§ 1983 and 1988, held by 6420 Roswell Road, Inc. ("**Debtor**"), respectfully showing as follows:

### Background

1.

Debtor filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq*.) (the "**Bankruptcy Code**") on June 12, 2017 (the "**Petition Date**") (the "**Bankruptcy Case**").

2.

The Bankruptcy Case was converted to one under Chapter 7 on November 21, 2018 (Dkt. No. 90). Martha Miller was appointed the Interim Chapter 7 Trustee on November 21, 2018. At the conclusion of the 341(a) meeting on February 5, 2019, pursuant to §702(d) of the Bankruptcy Code, Martha Miller became the permanent Trustee.

{21351/006/01481588.DOCv1}

3.

Trustee filed her Application to Appoint Special Counsel on December 21, 2018 (Dkt. No. 110. The Court granted the Application to Employ Special Counsel by Order entered on December 27, 2018 (Dkt. No. 114). Specifically, the Court appointed Wiggins Law Group. LLC as Special Counsel for the Estate for the limited purpose of pursuing Debtor's potential claims under 42 U.S.C. §§ 1983 and 1988 (the "**Claims**") in the civil action *6420 Roswell Road, Inc. v. City of Sandy Springs, Georgia*, et al., Case No. 1:18-CV-5742-ODE (USDC, N.D.GA.), Appeal No. 20-13608 (11th Cir.) (the "**Litigation**").

4.

Subject to the approval of this Court, the Parties to the Litigation have agreed to proposed terms to fully compromise and settle all potential claims the Parties may have against each other. The proposed terms are set forth in the Settlement Agreement, Exhibit "A" attached hereto and incorporated herein as if fully set forth.

5.

Pursuant to Special Counsel's Retainer Agreement with Debtor, it was to recover 50% of any gross recovery plus costs incurred if the Litigation was appealed. These terms were disclosed to the Court in Trustee's Application to Appoint Special Counsel. As stated above in Par. 3, this Application was approved by the Court by Order entered December 27, 2018 (Dkt. No. 114). Special Counsel understands that this Court is not bound by the terms of the Retainer Agreement when determining its reasonable and necessary fees and expenses.

6.

Trustee, through Special Counsel, has received an offer to settle the potential Claims in the gross amount of $30,000.00. See Settlement and Release, Exhibit A hereto.

2

7.

Following research and investigation by Trustee and her professionals, and after extensive litigation, including an appeal to the Eleventh Circuit, as well as extensive negotiations by Special Counsel with the City's counsel. The Parties have agreed to the above-summarized settlement of the potential Claims.

8.

Trustee requests that the Court authorize her to pay Special Counsel's fees in the amount of $15,000.00, and reimbursement of expenses totaling $618.40. Special Counsel has advised Trustee that it has incurred 197.9 total hours, of which 168.2 were attorney hours in the Litigation. The firm specializes in § 1988 litigation including on behalf of adult entertainment clubs like the Debtor. Special counsel's current market rate is $500.00/hour. Trustee has supervised, and thus, is very familiar with Special Counsel's work in the Litigation. Further, a review of the dockets in the United States District Court and the Eleventh Circuit actions, cited above, clearly demonstrate that Special Counsel has expended time representing Debtor in the Litigation which far exceeds in amount the fee amount of $15,000.00 sought in this Application. After payment of the above fee amount and approved expenses, Special Counsel shall have no further claims against the Estate or against the settlement proceeds in connection with the settlement of the Claims.

9.

Trustee submits that in her business judgment, the proposed settlement has been achieved after extensive discovery, litigation and vigorous arms' length negotiations over an extended period of time.

10.

Trustee respectfully requests that the Court authorize her to agree to the proposed Settlement and Release, in her official capacity, on behalf of the Bankruptcy Estate, and Debtor.

{21351/006/01481588.DOCv1}

Trustee further requests authorization to execute and deliver any necessary documents to consummate the proposed Settlement and Release. Finally, Trustee seeks authority to disburse whatever fee amount and expense reimbursement are awarded by the Court to Special Counsel.

## Standards for Settlement

11.

The standards for approving or disapproving a settlement in a bankruptcy case are those factors set forth in *Wallis vs. Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) *cert. denied*, 498 U.S. 959 (1990).

12.

*Justice Oaks* requires that the Court consider (1) the likelihood of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessary to continue the Litigation; and (4) deference to the reasonable views of creditors.

13.

The Litigation raises Debtor's potential claims against the City of Sandy Springs, Georgia and its agent for, *inter alia*, closing Debtor's business for a period of time for alleged fire safety violations. Debtor contends that the closing was wrongful, costing it substantial income loss. Debtor further contends that its closure was part of the City of Sandy Springs's efforts to rid the City of all adult entertainment clubs. The Litigation involves complex legal and factual issues that would require substantial resources for the continuation of the Litigation. Although collection of any recovery is not in doubt, the ultimate outcome is a risk.

14,

The Litigation is the only remaining potential asset in this case. This Bankruptcy Case was initiated in 2017. In deference to creditors' interests and the other reasons stated above, and

4

pursuant to the exercise of Trustee's business judgment, Trustee contends that approval of the proposed Settlement and Release is in the best interest of the creditors and the Estate. Trustee urges the Court to approve the proposed terms as set forth herein.

WHEREFORE, Movant prays that:

(a)     Trustee be allowed to enter into the Settlement and Release as proposed and any ancillary documents necessary to the consummation of the proposed Settlement and Release;

(b)     the Court authorize a gross settlement amount allocable to the Chapter 7 Estate of $30,000.00, remitted to Trustee by the City of Sandy Springs, Georgia, or its insurer, within twenty days from the entry of any final order entered by this Court approving the attached Settlement and Release;

(c)     the Settlement proceeds be remitted to Trustee, and made payable to "Martha Miller, Trustee" and sent to her address at P.O. Box 5630, Atlanta, GA 31170 as part of the administration of the Estate;

(d)     Trustee be authorized to pay Special Counsel's fees of $15,000.00, and reimbursement of expenses incurred by Special Counsel in the total amount of $618.40, both as administrative expenses; and

(e)     Movant be granted such other and further relief as the Court deems just and proper.

This 17th day of March, 2021.

Respectfully submitted,

/s/ Martha A. Miller
Martha A. Miller
Georgia Bar No. 507950
Trustee and Counsel for Trustee

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 941-7360
mmiller@mmillertrustee.com

{21351/006/01481588.DOCv1}

# EXHIBIT A

## **SETTLEMENT, COMPROMISE AND FULL RELEASE OF CLAIMS**

This Settlement, Compromise and Full Release of Claims ("Settlement and Release") is granted and is related to the pending action filed by 6420 Roswell Road, Inc. d/b/a Flashers ("Debtor/Plaintiff") against the City of Sandy Springs, Georgia and Douglas A. Brown individually ("Defendants"), subject to the approval of the Bankruptcy Court, by Martha A. Miller, in and only in her official capacity as the Trustee of the Bankruptcy Estate of 6420 Roswell Road, Inc. (hereafter "Trustee") in the voluntary filing of a case under Chapter 11 by 6420 Roswell Road, Inc. d/b/a Flashers ("Debtor"), and now pending under Chapter 7, as described below. Trustee and Defendants shall sometimes be referred to jointly as the "Parties," or individually as a "Party."

R E C I T A L S

WHEREAS, While in Chapter 11, Debtor, without Court authorization, filed a lawsuit against Defendants styled <u>6420 Roswell Rd., Inc d/b/a Flashers v. City of Sandy Springs, Georgia and Douglas A. Brown</u> in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:18-CV-5742-ODE (the "Lawsuit"); and

WHEREAS, Debtor asserted claims in the Lawsuit against Defendants for damages and attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and state tort negligence law in connection with a Fire Marshal's inspection at Debtor/Plaintiff's former premises located at 6420 Roswell Road, Sandy Springs, Georgia and the temporary closure of the premises relating thereto; and

WHEREAS, Defendants dispute the claims set forth in the Lawsuit, and have denied and continue to deny that they have any liability to Trustee for any such claim asserted. Defendants further dispute many of the facts pleaded by Debtor, contend that the Fire Marshal's inspection at issue was conducted according to the law, and dispute that they are liable in any amount to Trustee for damages or attorneys' fees; and

WHEREAS, on June 12, 2017, Debtor filed a voluntary case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Sections 101 *et seq.*, (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), case number 17-56753-PWB (the "Bankruptcy Case"). On November 21, 2018, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code (Dkt. No 90). Also, on November 21, 2018, the Bankruptcy Court appointed Martha A. Miller to act as the Interim Trustee for the Bankruptcy Estate of Debtor (the "Estate") (DKT. No. 91). Upon the conclusion of the Bankruptcy Code 341 (a) meeting on February 5, 2019, Martha A. Miller became the permanent Trustee in the Bankruptcy Case. On December 4, 2018, Martha Miller Law, LLC was appointed to act as counsel to the Trustee (Dkt. No. 101). By Order entered December 27, 2018, Wiggins Law Group, LLC was appointed as Special Counsel to the Trustee in the Bankruptcy Case (Dkt. No. 114). Special Counsel's appointment was limited to the representation of Plaintiff/Debtor in the pending case (the "Lawsuit") filed against Defendants; and

WHEREAS, the Parties desire to avoid the risk, inconvenience and expense of litigation and have therefore agreed to fully and fairly settle any and all legal claims Trustee may have

against Defendants arising prior to the Effective Date of this Agreement, whether known or unknown, including the claims asserted by Debtor in the Lawsuit.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals, the promises, covenants, and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the approval of the Bankruptcy Court, the Trustee, intending to be legally bound, hereby agrees as follows:

1. Recitals

The aforementioned Recitals are incorporated into this Agreement as if set forth fully here.

2. Consideration

A. As full and complete compromise of all Released Claims (as defined below), Defendants shall, within twenty (20) days after the entry of the final order entered by the Bankruptcy Court approving the terms of this Release, shall cause a check totaling Thirty Thousand Dollars ($30,000.00) to be sent to Trustee, made payable to "Martha Miller, Trustee" and sent to her at the address of P.O. Box 5630, Atlanta, Georgia 31170 (the "Settlement Payment"). The Settlement Payment consists of consideration paid to Trustee in exchange for the releases contained herein. Immediately upon the successful negotiation of the above-mentioned check by the Trustee, Special Counsel shall dismiss the Lawsuit with prejudice.

B. Trustee expressly acknowledges and agrees that the Settlement Payment (a) is the result of good faith negotiations and mediation conducted by and between the Parties; and (b) constitutes fair and reasonable consideration for the release of any and all Released Claims, including but not limited to claims for attorneys' fees, costs, or expenses. The Estate shall be solely responsible for federal, state and local taxes due on the Settlement Payment, and specifically agrees to hold Defendants harmless for any claims involving federal, state or local taxes resulting from such responsibility.

C. Upon the Trustee's successful negotiation of the above-described check, Special Counsel shall cause the Lawsuit and appeal to be dismissed with prejudice.

3. General Release and Waiver

A. Upon execution of this Agreement, Trustee, on behalf of Plaintiff/Debtor, and on behalf of its grantees, agents, representatives, heirs, devisees, trustees, assigns, assignors, attorneys, or any other entities in which Plaintiff/Debtor has an interest (collectively, the "Releasing Parties"), hereby agrees to release and forever discharge the City of Sandy Springs, Georgia, Douglas A. Brown, OneBeacon Government Risks, and their past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, other insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, departments, subsidiaries, affiliates, assigns, contractors, successors, heirs, predecessors in interest, joint ventures, and commonly-controlled corporations (collectively "Released Parties") from all

2

liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic, whether in law or in equity, which they had or may claim to have against any of them, including, without limitation, those arising out of or relating to: (i) the subject matter of this Release and/or the Lawsuit, and any acts or omissions related thereto; and (ii) any costs, attorneys' fees, or expenses incurred by the Releasing Parties in connection with the subject matter hereof before, on, and after the Effective Date (collectively, the "Released Claims"). The Trustee hereby acknowledges and agrees that, except as expressly set forth in this Release, the Released Parties have no other liabilities or obligations, of any kind or nature, owed to the Releasing Parties, in connection with or relating to the Released Claims or otherwise.

B.    Trustee hereby expressly and knowingly waives and relinquishes any and all rights that she has or might have had relating to the Released Claims under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the United States Constitution, the Georgia Constitution, Georgia common or statutory law, and any and all other claims arising under law or in equity, as defined in Par. 3(A) above.

C.    Trustee acknowledges that she may hereafter discover facts different from, or in addition to, those which she now believes to be true with respect the Released Claims above with regard to the alleged operative facts underlying the Lawsuit. On her own behalf and on behalf of the Releasing Parties, Trustee agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, as limited in the preceding sentence, and that this Release contemplates the extinguishment of all such Released Claims. By executing this Release, Trustee acknowledges the following: (a) she is represented by counsel; (b) she has read and fully understands the provisions of this Release; and (c) she has been specifically advised by her counsel of the consequences of the above waiver and this Release generally.

D.    Trustee agrees not to sue or file a charge, complaint, grievance, demand for arbitration, or other proceeding against the Released Parties based on the alleged operative facts underlying the Lawsuit, in any forum or assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the Released Claims, as limited above, unless required to do so by court order, subpoena or other directive by a court, administrative agency, arbitration panel or legislative body, or unless required to enforce this Release. To the extent any such action may be brought by a third party, Trustee expressly waives any claim to any form of monetary or other damages, or any other form of recovery or relief in connection with any such action except for statutorily required witness fees.

4.    Confidentiality

Trustee and her counsel agree on behalf of Plaintiff/Debtor to keep the terms and existence of this Release, and all documents and things exchanged during settlement negotiations leading up to this Release (collectively "Confidential Information"), confidential, and shall not reveal Confidential Information to any other person or entity, except: (i) as required by law or order of

3

the Court or other government authority; (ii) as is reasonably necessary to be disclosed to the Parties' spouse, accountants, tax advisors, insurers and insurance brokers, and attorneys; or (iii) as necessary to resolve the Bankruptcy Case. To the extent Trustee or Plaintiff/Debtor is requested to provide information relating to this Release or other Confidential Information, Trustee or Plaintiff/Debtor's representative shall respond that the matter was resolved to the mutual satisfaction of all parties. All parties acknowledge that at no time is this document required to be filed under seal with the Bankruptcy Court or any other Court of record.

5.  Injunctive Relief; Remedies

Trustee and her counsel expressly acknowledge and agree on behalf of Plaintiff/Debtor that the confidentiality agreements set forth in Section 4 ("Confidentiality") are material inducements to Defendants to enter into this Agreement and to provide the consideration contemplated herein. Furthermore, Trustee and her counsel acknowledge and agree on behalf of Plaintiff/Debtor that the disclosure of information related to the terms of this Agreement as prohibited by Section 4 ("Confidentiality") would cause Defendants to suffer immediate, irreparable injury for which money damages would be an inadequate remedy.

6.  No Admission of Fault or Liability

It is understood and agreed that this Release and the performance of other obligations herein, including the payment of the Settlement Payment by Defendants, are for the sole purpose of compromising the Released Claims, and that this Release shall not be construed as an admission of liability by Defendants, with liability being expressly denied by Defendants.

7.  Investigation

Trustee and her professionals have made such investigation of the facts pertaining to this Settlement and Release as she deems necessary.

8.  Integration Clause

This Release contains the entire agreement of the Parties and supersedes any and all prior, written or oral, agreements among them concerning the subject matter hereof. There are no representations, agreements, arrangements or understandings, oral or written, among the Parties relating to the subject matter of this Release that are not fully expressed herein.

9.  Consultation with Counsel

Trustee represents and warrants that she has presented this Settlement and Release to her counsel and Special Counsel, that her counsel and Special Counsel have had the opportunity to review this Release and that she is executing this Settlement, Compromise and Release of her own free will after having received advice from counsel regarding execution of this Agreement.

10. <u>Choice of Law</u>

This Release shall be governed by and interpreted and construed pursuant to the laws of the State of Georgia, and the United States Bankruptcy Code without giving effect to any conflicts of law principles.

11. <u>Disputes and Enforcement</u>

The Parties agree that they will work cooperatively to resolve any issues and/or concerns regarding the Parties' respective obligations under this Release. Accordingly, the Parties agree that any such issues, concerns, or disputes shall be put in writing and responded to in writing by the other party within thirty (30) days before the commencement of any enforcement action. Any subsequent enforcement action by the Parties must be pursued in Bankruptcy Court and any relief granted by the Bankruptcy Court. The Parties shall have the right to invoke the provisions of this Release in any appropriate court of competent jurisdiction. The Parties agree to acknowledge and accept service of any summons and complaint arising out of this Release.

12. <u>Severability</u>

If any one or more of the provisions of this Release should be ruled wholly or partly invalid or unenforceable by the Bankruptcy Court or other court or government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Release not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the Parties' intent as manifested herein; and (iv) if the ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislative, judicial, or administrative action, then the provision(s) in question as originally set forth in this Release shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

13. <u>No Waiver</u>

The failure of any Party to insist upon compliance with any of the provisions of this Settlement, Compromise and Release, or the waiver thereof, in any instance, shall not be construed as a general waiver or relinquishment by such Party of any other provision of this Release.

14. <u>Modification and Amendment</u>

This Release may not be waived, altered, amended, or repealed, in whole or in part, except upon written agreement executed by the Party or Parties against which enforcement is sought and only upon the proper application to the Bankruptcy Court and approval by the Bankruptcy Court.

15. No Reliance

Trustee represents and warrants that, except for the representations and warranties specifically set forth in this Release, in executing this Release, she does not rely, and has not relied, on any representation or statement made by any other Party, on any representation or statement made anyone acting on behalf of any Party, or any representation or statement made by any other person.

16. No Assignment or Transfer of Action

Trustee represents and warrants that in, and only in, her official capacity as trustee: (i) the Bankruptcy Estate, of which she is the representative, owns the Released Claims; (ii) no other person or entity has any interest in the Released Claims; (iii) she has not sold, assigned, conveyed or otherwise transferred any Released Claim, or any other Released Claim or demand against any person or entity released hereby; and (iv) she, as and only as the duly appointed trustee, has the sole right to settle and release such Released Claims subject to the approval by the Bankruptcy Court. Trustee represents and warrants that to the best of her information and belief, she has no knowledge of any claims against Defendants that are not included in the Released Claims.

17. Each Party to Bear Its Own Attorneys' Fees and Costs

Each Party shall bear their own attorneys' fees and costs incurred in relation to this Release and the Released Claims.

18. Authority of Signatories

Upon the approval by the Bankruptcy Court becoming final, Trustee represents and warrants that she, only in her official capacity, is authorized to enter into this Release, subject to the approval of the Bankruptcy Court, and that any other required consents, authorizations or approvals have been obtained.

19. Construction

Each Party has cooperated in the drafting and preparation of this Release. In any construction to be made of this Release, the same shall not be construed against any Party on the ground that said Party drafted this Release. This Release shall be deemed to have been executed and delivered within the State of Georgia, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of Georgia, in effect as of the Effective Date as well as the Bankruptcy Code.

21. Representation and Warranty Regarding Other Potential Claimants or Legal Claims

Trustee, solely in her official capacity, represents and warrants that she is not aware of any other potential plaintiff or any attorney who intends to make demands or bring litigation based on the subject matter of the Lawsuit. Trustee, only in her official capacity, further represents and

6

warrants that she has not been notified or otherwise informed of any such intention or consideration thereof.

22. <u>Binding on Successors</u>

The provisions of the Release shall be binding upon, and shall inure to the benefit of, the successors, assigns, heirs, executors, administrators, parent entities, subsidiaries, and affiliates of the respective Parties.

23. <u>Effective Date</u>

The Effective Date of this Release shall be twenty days after the entry of the Order by the Bankruptcy Court approving this Release.

**PLEASE READ CAREFULLY. THIS SETTLEMENT, COMPROMISE AND FULL RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS ARISING FROM THE SAME OPERATIVE FACTS UNDERLYING THE LAWSUIT.**

*[Remainder of Page Intentionally Left Blank – Signature Page Follows]*

IN WITNESS WHEREOF the undersigned representative of the Estate, Trustee, Martha Miller, subject to the approval of the Bankruptcy Court, does hereby execute this Settlement, Compromise and Release.

**BANKRUPTCY ESTATE OF 6420
ROSWELL ROAD, INC. D/B/A
"FLASHERS"**

_____
By: Martha A. Miller
Title: As and solely as Trustee of the
Bankruptcy Estate of 6420 Roswell Road, Inc.

Sworn to and subscribed
before me this \_\_\_\_ day
of _____, 2021.

_____
Notary Public

My Commission Expires:

*[Signature Page to Settlement, Compromise and Full Release of Claims]*

8

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| | :    Case No. 17-56753-PWB |
| 6420 Roswell Road, Inc., | : |
| | : |
| Debtor. | :    Chapter 7 |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the forgoing **Motion for Approval of Settlement, Compromise and Release of Claims, and to Pay Special Counsel Fees and Costs** to the below identified recipients via first class United States mail with adequate postage to ensure delivery, or electronically, as indicated below.

United States Trustee
362 United States Courthouse
75 Ted Turner Dr., SW
Atlanta, Georgia 30303
Lindsay.P.Kolba@usdoj.gov

Howard Slomka
Slipakoff and Slomka, P.C.
Overlook III Bldg,
2859 Paces Ferry Rd., SE
Atlanta, GA 30339
HS@ATL.law

Cary Wiggins
Wiggins Law Group, LLC
Ste. 401
260 Peachtree St., NW
Atlanta, GA 30303
cary@wigginslawgroup.com

{21351/006/01481588.DOCv1}

William J. Linkous
Freeman Mathis & Gray, LLP
Ste. 1600
Atlanta, GA 30339-5948
wlinkous@fmglaw.com

This 17th day of March, 2021.

              */s/ Martha A. Miller*
              Martha A. Miller
              Georgia Bar No. 507950
              Trustee and Counsel for Trustee

MARTHA MILLER LAW, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 941-7360.
mmiller@mmillertrustee.com

8